IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHENKEL UNITED CHURCH OF CHRIST, | : |
| Plaintiff, | : Civil Action No. 09-01823-RBS |
| v. | : |
| NORTH COVENTRY TOWNSHIP; | : |
| Defendant. | : |

## FIRST AMENDED VERIFIED COMPLAINT

Plaintiff, Shenkel United Church of Christ ("Shenkel UCC"), by and through its attorneys Montgomery, McCracken, Walker & Rhoads, LLP, and the American Civil Liberties Union-Foundation of Pennsylvania, aver as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Shenkel UCC is a Pennsylvania non-profit corporation. It is a small, rural church with approximately 300 members who are dedicated to serve God through prayer, praise and service. Shenkel UCC owns and operates church facilities located at 1580 Shenkel Road, Pottstown, Pennsylvania. The facilities include a main church building, an attached office, an attached community/assembly hall and a cemetery.

2.  Defendant North Coventry Township ("Township") is a political subdivision of the Commonwealth of Pennsylvania existing and operating under the laws of Pennsylvania. The central administrative offices of the Township are located at 845 S. Hanover, Street, Pottstown, Pennsylvania.

3.  This Court has jurisdiction to adjudicate Shenkel UCC's federal claims under 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction to declare the rights of the parties to the

-2-

action under 28 U.S.C. §§ 2201 and 2202, and the Court has pendent jurisdiction over Shenkel UCC's state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the defendant resides in this district, all events or omissions giving rise to the claims asserted herein occurred in this district and the property that is the subject of the action is located in this district.

## FACTS

5. Shenkel UCC was organized in 1837 and has continuously conducted church services and ministries at its present location in the Township since that date.

6. As a faith-based Christian organization, Shenkel UCC follows and practices the teachings of Jesus Christ as reflected in Scripture. Fundamental to these tenets are mandates to care for the needy of our society, especially the poor and homeless, and to adhere to Matthew's directive, "you shall love your neighbor as yourself." Matthew 22:39.

7. Providing temporary, emergency shelter for people in need is a core religious ministry for Shenkel UCC. Indeed, churches throughout Pennsylvania and across the United States have been participating in similar ministries for decades, and churches have been recognized and used as sanctuaries since the Middle Ages.

8. For the past several years and continuing to date, there has been and remains a serious need for safe, warm, temporary emergency shelter in the Township during the harshest winter months. That need has not been and is not now being met by existing public and private facilities.

9. Shenkel UCC participated for three years in Montgomery County's "One Night at a Time" program, providing temporary emergency shelter for homeless guests for one month during each of the winters of 2002-03, 2003-04 and 2004-05. This program ended with the opening of a shelter at Norristown State Hospital in 2005. However, the program at Norristown

-2-

2449919v1

State Hospital is overbooked, maintains a long waiting list and is much further from the Township than Shenkel UCC's facilities.

10. In order to address the need for more temporary emergency shelter, Ministries at Main Street (www.ministriesatmainstreet.org) started and coordinated a rotating program in January, 2007. For one month per location, local churches agreed to provide a safe, warm shelter for people in need during the winter. In this program, guests were transported to and from the host churches, remained in the buildings between the hours of 10 p.m. and 7 a.m., and were supervised by at least two adults who remained awake throughout the night. Zion's United Church of Christ and St. Paul's United Church of Christ were among the churches in Pottstown that participated in this ministry beginning the winter of 2007-08.

11. Shenkel UCC decided to participate in the Ministries at Main Street program in the winter of 2007-08. As a courtesy to Township officials, Shenkel UCC notified the Township Manager, Kevin Hennessey, that it was again going to provide temporary emergency shelter for those in need during one month that winter.

12. Immediately after notice was given to the Township Manager, Mr. Hennessey contacted Rev. Bonnie Moore, the pastor of Shenkel UCC, and advised her that Shenkel UCC's proposed use of its church facilities for temporary emergency shelter for homeless individuals was not permitted under the Township's zoning law and building code. Since the Township would not allow Shenkel UCC to use its facilities as a temporary emergency shelter, Shenkel UCC was not able to participate in the homeless ministry program during the winter of 2007-08.

13. For the next year, Shenkel UCC and Township officials maintained an ongoing dialogue about whether the Township would permit Shenkel UCC to conduct its homeless ministry at its church facilities. The Township insisted that, in order for Shenkel UCC to

conduct its homeless ministry, Shenkel UCC must apply for and obtain a variance. Shenkel UCC disputed that contention and provided legal and factual support to the Township for its position that its proposed use was a permissible accessory use. To date, however, the Township has failed and refused to allow Shenkel UCC to use its church facilities as a temporary emergency shelter for the homeless and carry on its ministry for the homeless in the Township.

14.   By letter dated December 12, 2007, Deborah Russo, the Township's Zoning Officer and Building Code Officer, advised Shenkel UCC that she would not issue a Notice of Violation to Shenkel UCC pending the outcome of the variance procedure. A true and correct copy of Ms. Russo's letter is attached hereto as Exhibit A.

15.   By letter dated October 3, 2008. Mr. Hennessey advised Shenkel UCC that, after reviewing and considering the information supplied by Shenkel UCC and its counsel, the Township remained steadfast in its position that Shenkel UCC's proposed use of its facility as a temporary, emergency shelter for the homeless during the winter months was not permissible without a variance. A true and correct copy of that letter is attached hereto as Exhibit B.

16.   Shenkel UCC's past and proposed use of its facilities as a temporary emergency shelter for the homeless for a one month period during the winter is a lawful and permissible accessory use of Shenkel UCC's property under the Township zoning code, and no variance is necessary.

17.   In an abundance of caution, and in order to preserve and protect its legal rights pending further discussions with the Township, on or about November 6, 2008, Shenkel UCC filed an Application with the Zoning Hearing Board of North Coventry Township ("Application") seeking a determination that, contrary to the position taken by the Township in

Mr. Hennessey's October 3, 2008 letter, Shenkel UCC did not need a variance to conduct its homeless ministry.

18. Subsequent to that filing, Shenkel UCC and the Township continued a dialogue in an attempt to resolve the dispute. At the Township's request and for the convenience of the parties, the hearing on Shenkel UCC's Application was postponed on several occasions, and the matter remained in abeyance.

19. By letter dated July 15, 2009, Shenkel UCC withdrew and discontinued its Application.

20. Defendant's refusal to allow Shenkel UCC to conduct its ministry for the homeless and use its church facilities as a temporary emergency shelter for the homeless during the winter months is an unlawful and substantial burden on Shenkel UCC's religious activities.

21. Shenkel UCC's past and proposed use of its facilities as a temporary emergency shelter for the homeless for a one month period during the winter has not caused nor will it cause any harm to the public health, safety and welfare. To the contrary, Shenkel UCC's homeless ministry directly and significantly serves the public interest and relieves local government of a substantial burden that otherwise would need to be met by public agencies, police departments, hospital emergency rooms and other similar facilities.

22. There is no compelling need or justification for the Township's refusal to allow Shenkel UCC to use its church facilities as a temporary emergency shelter for the homeless.

## COUNT I – RLUIPA SUBSTANTIAL BURDEN

23. Shenkel UCC repeats and realleges paragraphs 1-22 above as if fully set forth herein.

24. The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., prohibits government entities from imposing or implementing land use

regulations that substantially burden the exercise of religion unless the regulation is in furtherance of a compelling governmental interest and is implemented in the least restrictive means possible. 42 U.S.C. § 2000cc(a)(1).

25. Under RLUIPA, a "land use regulation" is a zoning law, or the application of such a law, that limits or restricts a claimant's use of development of land. 42 U.S.C. 2000cc-5(5).

26. Defendant's refusal to permit Shenkel UCC to use its church facilities as a temporary emergency shelter for the homeless during the winter months is a "land use regulation" under RLUIPA.

27. Under RLUIPA, "religious exercise" includes, "any exercise of religion, whether or not compelled by, or central to, a system of belief." RLUIPA further provides that, "use … of real property for the purpose of religious exercise shall be considered religious exercise of the person or entity that uses or intends to use the property for that purpose." 42 U.S.C. § 2000cc-5(7).

28. Shenkel UCC's past and proposed use of its church facilities as a temporary emergency shelter for the homeless during the winter is religious exercise under RLUIPA.

29. Defendant's conduct described above has imposed and continues to impose a substantial burden on Shenkel UCC's religious exercise, does not further a compelling governmental interest and is not the least restrictive means available.

**COUNT II – FIRST AMENDMENT FREE EXERCISE (42 U.S.C. § 1983)**

30. Shenkel UCC repeats and realleges paragraphs 1-29 above as if fully set forth herein.

31. The First Amendment to the U.S. Constitution protects a person's right to exercise religion free of governmental interference.

2449919v1

32. Defendant's conduct described above has imposed and continues to impose a substantial burden on and otherwise interfered with Shenkel UCC's religious exercise in violation of the free exercise clause of the First Amendment to the Constitution.

**COUNT III – PENNSYLVANIA RELIGIOUS FREEDOM PROTECTION ACT**

33. Shenkel UCC repeats and realleges paragraphs 1-32 above as if fully set forth herein.

34. The Pennsylvania Religious Freedom Protection Act, 71 Pa. Stat. Ann. § 2404 prohibits Pennsylvania governmental entities from substantially burdening a person's free exercise of religion, including any burden which results from a rule of general applicability, unless the governmental entity proves, by a preponderance of the evidence, that the burden is in furtherance of a compelling interest of the agency and the least restrictive means of furthering the compelling interest.

35. Defendant's conduct described above has imposed and continues to impose a substantial burden on Shenkel UCC's religious exercise, does not further a compelling governmental interest and is not the least restrictive means available.

WHEREFORE, Plaintiff Shenkel United Church of Christ respectfully requests that judgment be entered in its favor on all claims above and awarding the following relief:

1. A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that defendant has violated the Religious Land Use and Institutionalized Persons Act;

2. A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that defendant has violated plaintiff's rights arising under the free exercise clause of the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983;

3. A declaratory judgment pursuant to §§ 2201 and 2202 that defendant has violated Pennsylvania's Religious Freedom Protection Act;

2449919v1

4. A preliminary and permanent injunction prohibiting defendant, its officers, agents and employees, from preventing or interfering with Shenkel UCC's use of its church facilities as a temporary emergency shelter for the homeless during the winter months;

5. An award of attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988; and

6. Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Louis R. Moffa, Jr.
Louis R. Moffa, Jr.

MONTGOMERY, McCRACKEN,
   WALKER & RHOADS, LLP
457 Haddonfield Road
Suite 600
Cherry Hill, NJ 08002
(856) 488-7740
lmoffa@mmwr.com


/s/Witold J. Walczak
Witold J. Walczak

American Civil Liberties Union of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213
(412) 681-7864
vwalczak@aclupgh.org


/s/Mary Catherine Roper
MaryCatherine Roper

American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
(215) 592-1513 ext 116
mroper@aclupa.org

Attorneys for Plaintiff,
Shenkel United Church of Christ

DATED: July 15, 2009

2449919v1

## VERIFICATION

I, Bonnie L. Moore, have read the foregoing First Amended Verified Complaint and hereby certify that it is true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

DATED: July 15, 2009

*Rev. Bonnie L. Moore*
Rev. Bonnie L. Moore

2449916v1

# EXHIBIT A

# NORTH COVENTRY TOWNSHIP
## BOARD OF SUPERVISORS
*845 S. Hanover Street, Pottstown, PA 19465*
*Phone (610) 323-1694 \* Fax (610) 323-7239*
www.northcoventry.us

**December 12, 2007**

Pastor Bonnie Moore
Shenkel United Church of Christ
Unionville Road & Shenkel Road
Pottstown, PA   19465

Dear Pastor Moore:

A Notice of Violation of the North Coventry Zoning Ordinance will not be given to Shenkel Church pending the outcome of the variance procedure.

Sincerely,

Deborah Russo
Zoning Officer/BCO

**EXHIBIT B**

# NORTH COVENTRY TOWNSHIP
## BOARD OF SUPERVISORS
845 S. Hanover Street, Pottstown, PA 19465
Phone (610) 323-1694 * Fax (610) 323-7239
www.northcoventry.us

October 3, 2008

Shenkel United Church of Christ
1496 Shenkel Road
Pottstown, PA 19465

Attention: Pastor Moore

Dear Reverend Moore,

     After our meeting this summer, I requested and received a copy of the case that was sited by Brian Nagle, Esquire in his letter of June 11, 2008. Upon reading it, I noticed a major difference between the Upper Darby case and our situation, in particular the definitions of the Zoning Ordinances. In the Upper Darby case the definition of a church "was a building used for residential, educational or recreational purposes which are accessory to the main church use". In North Coventry's Ordinance church is not defined but "religious use" is and it states "The definition shall also not include a residential use other than a rectory or parish house…".
     After my review, I forwarded it to our solicitor for his opinion. He concurred with me that because of the differences in the definitions that a Variance would be necessary and that the Upper Darby case would not be controlling.
     Accordingly, I would suggest that you file the Variance request as we discussed and be sure to state that this would only be a "Temporary Use" for a month during the winter season.

Very truly yours,


Kevin F. Hennessey
Township Manager

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 20th day of July 2009, I caused the foregoing Plaintiff's First Amended Verified Complaint to be filed electronically, which caused electronic copies to be served upon the following counsel of record for Defendant:

>Andrew J. Bellwoar, Esquire
>Siana, Bellwoar & McAndrew, LLP
>941 Pottstown Pike, Suite 200
>Chester Springs, PA  19425
>Counsel for Defendant

>s/Louis R. Moffa, Jr.
>LOUIS R. MOFFA, JR.